IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

MICHAEL D. MURPHY,                    )
                                      )
                  Plaintiff,          )
                                      )
          vs.                         )          Case No.  00-6134-CV-SJ-GAF
                                      )
DORA SCHRIRO, et al.,                 )
                                      )
                  Defendants.         )

**JURY INSTRUCTIONS**
**ANNOTATED**

# INSTRUCTION NO. 1

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff against the defendants.  The plaintiff alleges that the defendants violated a federal statute, the Religious Land Use and Institutionalized Persons Act, when they refused plaintiff's request for racially-segregated group services for the Christian Separatist Church.  The plaintiff also alleges that the defendants violated his First Amendment right to free speech when they denied him one issue of a magazine called "The Way."  The defendants deny these allegations.  It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendants.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for

testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

SOURCE: 8th Cir. Civil Jury Instr. 1.01 (2005)

## INSTRUCTION NO. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

SOURCE: 8th Cir. Civil Jury Instr. 1.02 (2005)

## INSTRUCTION NO. 3

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8th Cir. Civil Jury Instr. 1.03 (2005)

## INSTRUCTION NO. 4

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note taking distract you so that you do not hear other answers by the witness. Ms. Diefenbach will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them with Ms. Diefenbach. When you leave at night, your notes will be secured and not read by anyone.

SOURCE: 8th Cir. Civil Jury Instr. 1.04 (2005)

# INSTRUCTION NO. 5

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend

clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

SOURCE: 8th Cir. Civil Jury Instr. 1.05 (2005)

# INSTRUCTION NO. 6

The trial will proceed in the following manner:

First, the plaintiff may make an opening statement. Next, the defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine. Following the plaintiff's case, the defendants may present evidence and the plaintiff may cross-examine.

After presentation of evidence is completed, closing arguments may be made by plaintiff or defendants' attorney to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

SOURCE: 8th Cir. Civil Jury Instr. 1.06 (2005) (modified to reflect plaintiff's *pro se* status).

**RECESS INSTRUCTION**

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

SOURCE: 8th Cir. Civil Jury Instr. 2.01 (2005)

**INSTRUCTION NO. 7**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

SOURCE: 8th Cir. Civil Jury Instr. 3.01 (2005)

## INSTRUCTION NO. 8

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

SOURCE: 8th Cir. Civil Jury Instr. 3.02 (2005)

**INSTRUCTION NO. 9**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

SOURCE: 8th Cir. Civil Jury Instr. 3.03 (2005)

## INSTRUCTION NO. 10

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

SOURCE: 8th Cir. Civil Jury Instr. 3.04 (2005)

## INSTRUCTION NO. 11

Liability under 42 U.S.C. § 1983, under which plaintiff brings this suit, requires a causal link to, and direct responsibility for, the deprivation of rights. The law does not permit a public official to be found liable for any acts or omissions by persons other than himself. Therefore, although there are multiple defendants in this action, it does not follow from that fact alone that if one is liable, the others are also liable. Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, should it become a fact, that you find against the others. Unless otherwise stated, all instructions given you govern the case as to each defendant.

SOURCE: Section 71.06, Vol. 3, Devitt & Blackmar, Federal Jury Practice and Instructions (4th ed. 1987); *Madewell v. Roberts*, 909 F.2d 1203 (8th Cir 1990).

# INSTRUCTION NO. 12

Your verdict must be for the plaintiff on his free speech claim against defendants if you find by the greater weight of the evidence that the defendants did not allow plaintiff to receive Issue # 36 of <u>The Way</u>.  However, your verdict must be for defendants if you find by a greater weight of the evidence that:

The defendants had a legitimate penological (prison management) interest in reaching the decision, and there was a valid, rational relationship between refusing to allow plaintiff to receive Issue #36 of <u>The Way</u> and the legitimate penological interest put forward to justify it, as explained in Instruction No. 13.

A legitimate penological (prison management) interest may include, but is not limited to, safety, security, internal order and discipline, and allocation of prison resources.

SOURCE: *Turner v. Safely*, 482 U.S. 78 (1987); *Bettis v. Delo*, 14 F.3d 22 (8th Cir. 1993);

*Murphy v. Missouri Dep't of Corrections et al*, 372 F.3d 979, 985-86 (8th Cir. 2004).

## INSTRUCTION NO. 13

In considering whether a decision is rationally related to a legitimate penological (prison management) interest, you should consider the following factors:

*First*, is there a valid, rational connection between the decision denying plaintiff a copy of Issue #36 of The Way and the penological (prison management) interest justifying it?

*Second*, is there an alternative means available to plaintiff to exercise his free speech rights?

*Third*, will allowing plaintiff to have Issue #36 of The Way in his possession have a significant "ripple effect" on the guards, other inmates, and prison resources? When considering this factor, you must be particularly deferential to the informed discretion of staff of the Missouri Department of Corrections.

*Fourth*, is there an alternative that fully accommodates plaintiff's rights at de minimus (negligible) cost to legitimate penological (prison management) interests?

Keep in mind these are relevant factors. You need not find that all of these factors apply in order to determine that a decision is rationally related to a legitimate penological (prison management) interest.

As previously defined, a legitimate penological (prison management) interest may include, but is not limited to, safety, security, internal order and discipline, and allocation of prison resources.

SOURCE: *Turner v. Safely*, 482 U.S. 78 (1987); *Bettis v. Delo*, 14 F.3d 22 (8th Cir. 1993); *Murphy v. Missouri Dep't of Corrections et al.*, 372 F.3d 979, 985-86 (8th Cir. 2004).

## INSTRUCTION NO. 14

Your verdict must be for the plaintiff on his religious exercise claim against the defendants if all of the following elements have been proved by the greater weight of the evidence:

*First*, Plaintiff requested racially-segregated group services for the Christian Separatist Church; and

*Second*, Defendants denied racially-segregated group services for the Christian Separatist Church; and

*Third*, Racially-segregated group services are a sincerely held tenet or belief central or fundamental to Christian Separatist Church doctrine; and

*Fourth*, Plaintiff's right to freely exercise his sincerely held religious beliefs is substantially burdened by the denial of racially-segregated group services for the Christian Separatist Church.

A "substantial burden" must be more than just an inconvenience. A "substantial burden" is instead government conduct that pressures the plaintiff to commit an act forbidden by his religion or prevents him from engaging in conduct mandated by his faith.

However, your verdict must be for the defendants if any of the above elements has not been proved by the greater weight of the evidence or if the defendants are entitled to a verdict under Instruction No. 15.

SOURCE: Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. *Murphy v. Missouri Dep't of Corrections et al*, 372 F.3d 979, 986-89 (8th Cir. 2004).

**INSTRUCTION NO. 15**

Your verdict must be for defendants on plaintiff's religious exercise claim set forth in Instruction No. 14 if it has been proved by the greater weight of the evidence that:

1. Defendants' denial of racially-segregated group services for the Christian Separatist Church is in furtherance of a compelling governmental interest; and

2. Defendants' denial of racially-segregated group services for the Christian Separatist Church is the least restrictive means of furthering that compelling governmental interest.

"Compelling governmental interests" may include good order, security and discipline, consistent with considerations of costs and limited resources.

The "least restrictive means" is the equivalent of "no greater than necessary" to further a compelling governmental interest.

Prison officials are accorded a significant degree of deference when evaluating whether the least restrictive means was used to further a compelling governmental interest.

SOURCE: Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

*Murphy v. Missouri Dep't of Corrections et al.*, 372 F.3d 979, 986-89 (8th Cir. 2004)

## INSTRUCTION NO. 16

If you find in favor of plaintiff, then you must award plaintiff such sum as you find from the greater weight of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of the conduct of defendants.

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

SOURCE: 8th Cir. Civil Jury Instr. 4.50A (2005) (modified)

## INSTRUCTION NO. 17

If you find in favor of plaintiff under Instruction Nos. 12 or 14, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

SOURCE: 8th Cir. Civil Jury Instr. 4.50B (2005)

# INSTRUCTION NO. 18

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through Ms. Diefenbach, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this

case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise Ms. Diefenbach that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

SOURCE: 8th Cir. Civil Jury Instr. 3.06 (2005)

## <u>VERDICT</u>

## FREE SPEECH

**Note:**          Complete this form by writing in the names required by your verdict.

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                    or                    Defendant Lawrence Morganfield

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                              or                    Defendant Winfrey Dickerson

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                              or                    Defendant Dora B. Shriro

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                              or                    Defendant Elijah Nagbe

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                              or                    Defendant Steve Long

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                              or                    Defendant Michael Kemna

On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                      or                    Defendant David Man Singh


On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____

Plaintiff Michael Murphy                      or                    Defendant Larry Crawford


On the free speech claim of plaintiff, as submitted in Instruction No. 12, we find in favor of

_____Plaintiff

Michael Murphy                      or               Missouri Department of Corrections


**Note:**      Complete the following paragraphs only if one of the above findings is in favor of plaintiff on his free speech claim. If the above finding is in favor of defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff's damages as defined in Instruction No. 16 to be:

$_____ (stating the amount, or if you find that plaintiff's damages have no monetary value, set

forth a nominal amount, such as $1.00).


                                                        _____
Dated:_____                                          Foreperson




SOURCE: 8th Cir. Civil Jury Instr. 5.35 (2005)

# VERDICT

## RELIGIOUS EXERCISE

**Note:**     Complete this form by writing in the names required by your verdict.

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy          or     Defendant Lawrence Morganfield

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                Defendant Winfrey Dickerson

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                Defendant Dora B. Schriro

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                Defendant Elijah Nagbe

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy               or                    Defendant Steve Long

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                    Defendant Michael

Kemna

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                    Defendant David Man Singh

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                    Defendant Larry Crawford

On the religious exercise claim of plaintiff, as submitted in Instruction Nos. 14 and 15, we find in favor of

_____

Plaintiff Michael Murphy                or                  Missouri Department of Corrections

**Note:** Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff on his religious exercise claim. If the above finding is in favor of defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff's damages as defined in Instruction No. 16 to be:

$_____ (stating the amount, or if you find that plaintiff's damages have no

monetary value, set forth a nominal amount, such as $1.00).


_____
Foreperson


Dated: _____


SOURCE: 8th Cir. Civil Jury Instr. 5.35 (2005)